```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THERESA WEICH-PULASKI,
                          Plaintiff(s),                           **REPORT AND**
                                                                  **RECOMMENDATION**
           -against-                                              CV 09-1670 (JS) (WDW)

WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION, as Trustee for
Morgan Stanley Dean Writer Capital l Inc. Trust 2002-NC3,
mortgage pass-through certificates, series 2002-NC3,
and OCWEN LOAN SERVICING, LLC,
                          Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Seybert is the plaintiff's motion to amend the complaint. DE[25-29]. It is opposed by the defendant, Wells Fargo. For the reasons set forth herein, I recommend that the motion be denied.

## BACKGROUND

This lawsuit arises out of a state court foreclosure action. The plaintiff alleges that the defendants breached a mortgage agreement between her and defendant Wells Fargo by refusing to accept her principal and interest statements under the mortgage and wrongfully commencing the foreclosure action against her. The plaintiff claims that her credit was ruined as a result of the mortgage dispute and foreclosure and that she incurred costs in excess of $150,000. Specifically, she alleges that the defendant reported both the foreclosure action and her late payments to credit reporting agencies, and that repeated requests by her attorney to defendant's attorney to arrange for removal of the reports were not acted on, despite defense counsel's representation in 2007 that he had told Wells Fargo to "remove all derogatory credit reporting. *See* DE[25] ¶¶7 & 8 & Exs. C & D. Credit reports still contain derogatory references regarding the period June 2006 through November 2007, according to the plaintiff. They also state that the

plaintiff's mortgage was late for the month of October 2008, an event that the plaintiff blames on the defendant bank's refusal to accept online payments from her and failing to give her mortgage statements or invoices despite numerous requests. Id. ¶¶10 & 11, & Ex. E.

The plaintiff now seeks to amend the complaint to add factual allegations and to include a causes of action pursuant to the Fair Credit Reporting Act based on inaccurate reporting to credit agencies, along with a demand for an order that the defendant correct the inaccurate credit reports. The plaintiff also seeks to add a demand for punitive damages. Id. ¶¶ 14 & 15, Ex. G. The defendant argues that the amendments are either time barred or legally defective and that the motion should be denied.

## DISCUSSION

### A. Standards for Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In making its determination, the court considers factors such as undue delay, prejudice to the defendants, and futility of the proposed amendments. *See Foman*, 371 U.S. at 182; *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co.v. Amerford Int'l Corp.*, 22 F.3d 458,

462 (2d Cir. 1994) (*citing Foman*, 371 U.S. at 182).

Amendment should only be denied for good reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman,* 371 U.S. at 182). An amendment is futile if the claim would be unable to withstand a Rule 12 (b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Indeed, "[t]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss - namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Amna v. New York State Dep't of Health,* 2009 WL 6497844, at *1 (E.D.N.Y. Sept. 3, 2009) *(quoting Crippen v. Town of Hempstead,* 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009)).

On a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). This stricture, however, is not applicable to legal conclusions and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* __ U.S. __ , 129 S. Ct. 1937, 1949-50 (2009). The court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

3

*Iqbal,* 129 S. Ct. at 1949 (internal quotation marks and citations omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

I turn now to the proposed amendments.

<u>Claim Pursuant to the Fair Credit Reporting Act:</u>

Plaintiff seeks to add a claim pursuant to the FCRA, based on Wells' Fargo alleged failure to correct and update information they furnished to credit reporting agencies regarding Pulaski. She also seeks a judgment "declaring that defendants shall notify all credit reporting agencies of their mistake in improperly reporting plaintiff's credit status and arranging for all derogatory references pertaining to the mortgage at issue in this action to be removed from plaintiff's credit reports." DE[25], Ex. G, ¶46. The defendant argues that the plaintiff has not specified any provision of the Fair Credit Reporting Act under which she seeks to add a claim, but notes that any such claim would be time barred by that law's two year statute of limitations.

Claims under the FCRA must be brought within two years of the plaintiff's discovery of a violation, or within five years after the violation occurs, whichever is earlier. 15 U.S.C. §1681. The defendant claims that Pulaski knew about reports to credit agencies as early as 2006, and that she raised these claims in the foreclosure action, which was dismissed in February 2006. The defendant references a January 15, 2007 letter attached by plaintiff as an exhibit to this motion, in which plaintiff's counsel asks "the lender's foreclosure counsel" to "immediately remove all reference of the foreclosure action from my clients' credit reports." DE[25], Ex. C. Additional letters submitted by the plaintiff show that the request that the credit reports be amended was an issue between the parties in 2007. *Id.*, Ex. C. Plaintiff's counsel notes that he was told by

4

foreclosure counsel that he had "instructed the bank to remove all derogatory credit reporting against" Pulaski." *Id*. ( June 19, 2007 letter); and Ex. D.  Since Pulaski was aware of the violations she now complains of more than two years ago, Wells Fargo urges, her claim is time barred.

Pulaski replies that the current credit reports include entries that Pulaski's mortgage payment was late in October 2008, and this cause of action falls within the two year time period. The plaintiff does not offer more detail about her proposed claim or mention Wells' Fargo's failure to cure the earlier entries.

I recommend that the FRCA cause of action and request for a judgment ordering Wells Fargo to correct the inaccurate reporting not be allowed, but not on limitations ground.  Rather, the plaintiff has not alleged a viable claim under the FRCA.  Aimed at protecting consumers from inaccurate information in consumer reports, and to protect consumers from the harm that can result from inaccurate information, the FRCA imposes duties on three types of entities: (1) consumer reporting agencies, (2) users of consumer reports, and (3) furnishers of information to consumer reporting agencies.  *See Kane v. Guaranty Residential Lending, Inc.,* 2005 WL 1153623, *2 (E.D.N.Y. May 16, 2005)(internal citations omitted).  Here, as the defendant noted, Pulaski does not specify the provision of the FCRA on which she bases her claim, but her allegation is that the bank, who furnished information to the credit reporting agencies, has not corrected that information.  Thus, it seems to be a claim under 15 U..S.C. §1681s-2, which imposes two sets of duties on persons who furnish information to consumer reporting agencies. Section1681s-2(a) imposes a duty on furnishers of information to "provide accurate information" to consumer reporting agencies and an ongoing duty to correct inaccurate information.  Section

1681s-2(b) imposes additional duties on furnishers of information who have been informed, pursuant to section 1681li(a)(2), that the information has been disputed. *Kane,* 2005 WL 1153623 at *3; *McPherson v. JP Morgan Chase Bank, N.A.,* 2010 WL 3081278, *3 (D. Conn. Aug. 5, 2010). Section 1681s-2(a) applies when the consumer has notified the furnisher of inaccuracies, and section 1681s-2(b) applies when the furnisher has been notified by a credit reporting agency of a dispute by the consumer. *See McPherson*, 2010 WL 3081278 at **3-4.

Here, the plaintiff alleges that she notified the defendants of the inaccuracies and demanded their correction. There is no indication that the credit reporting agency notified the defendants of a dispute. Thus, the claim would arise under section (a). There is, however, "no private cause of action under section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials." *Kane,* 2005 WL 1153623 at *4 (citing cases); *see also McPherson,* 2010 WL 3081278 at *4 n.6. Courts have recognized that "'this statutory framework may seem troubling because it seems to disregard the significance of the fact that [defendant] continued to report information . . . at a time when it knew . . . [it] was disputed.'" *Kane,* 2005 WL 1153623 at *4 (quoting *Aklagi v. Nationscredit Financial,* 196 F. Supp. 2d 1186, 1194 (D. Kan. 2002)). Consumers are, however, entitled to some protection from such conduct, by reporting it to the Federal Trade Commission, which is authorized to enforce the terms of section 1681s-2(a). *Id.*

Thus, the plaintiff's FCRA claims in the proposed Amended Complaint must be stricken as futile. It may be that the plaintiff can make out a claim under another provision of the FCRA, including section 1681s-2(b), but the Amended Complaint does not do that.

Claim for Punitive Damages:

The plaintiff also seeks to add demands for punitive damages. The defendant argues that any demand for punitive damages is precluded by the absence of a viable tort cause of action, punitive damages being unavailable in a breach of contract action such as this one. DE[26] at 6-7. The plaintiff argues that while punitive damages are generally not available in contract actions, punitive damages may be awarded when their award would "deter morally culpable conduct." DE[28] at 2 (citing cases). The New York Court of Appeals has "reiterated the principle that damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but that punitive damages may be recoverable if necessary to vindicate a public right." *New York University v. Continental Ins. Co.,* 87 N.Y.2d 308, 315-16 (1995). The pleading requirements for a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract are: (1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature . . .; (3) the egregious conduct must be directed to the plaintiff; and (4) it must be part of a pattern directed at the public generally. *Id.* at 316 (citing *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603(1994)).

Where, as here, "a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract." *Id.* The proposed Amended Complaint does not set forth an identifiable independent tort. Pulaski argues that the new factual allegations demonstrate that Wells Fargo breached its duty of good faith under the mortgage, and that it engaged in a specific plan and scheme to take homes that had equity in

them.  DE[28] at 3.  But she does not identify what independent tort she is alleging.  Without that level of detail, the court cannot evaluate the sufficiency of the allegations, and the claim for punitive damages fails on the first step of the pleading requirements under New York law. Based on the alleged facts, perhaps there is an independent tort that the plaintiff might plead.  But she has not yet done so and the demand for punitive damages must fail.

New Factual Allegations

The plaintiff has added factual allegations to her First Cause of Action, and has deleted allegations about terminated defendant Ocwen Loan Servicing.  The new allegations set forth her claim that Wells Fargo's acts, including commencement of the foreclosure action, were part of a "specific plan and scheme, aimed at the public, for defendants to take homes that have equity in them." See DE[25], Ex. G (Am. Comp.),¶31.  She further alleges that the plan and scheme are continuing and that Wells' Fargo's acts "involve policy evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply . . . a criminal indifference to civil obligations."  Id., ¶¶32 & 33.  The new allegations appear to relate only to the request for punitive damages and the proposed FCRA claims.  Because I am recommending that those claims not be allowed, I also recommend that the new factual allegations be found unnecessary.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov.

8

20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 9, 2010

          /s/ William D. Wall
          WILLIAM D. WALL
          United States Magistrate Judge