```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THERESA WEICH-PULASKI

                Plaintiff,              MEMORANDUM & ORDER
                                        09-CV-1670 (JS)(WDW)
        -against-

WELLS FARGO BANK MINNESOTA, N.A., ET AL.,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    James J. Corbett, Esq.
                  Law Office of James J. Corbett
                  254 Pettit Ave.
                  Bellmore, NY 11710

For Defendants:   Robert S. Leni, Esq.
                  Harris Chesworth O'Brien
                  Johnstone Welch & Leone LLP
                  300 Linden Oaks, Suite 100
                  Rochester, NY 14625
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge William D. Wall's Report & Recommendation ("R&R"), issued December, 9 2010, which recommended that the Court deny Plaintiff Theresa Weich-Pulaski's motion to amend her Complaint. For the foregoing reasons, the Court ADOPTS this R&R in its entirety. Consequently, Plaintiff's motion to amend the Complaint is DENIED. In addition, the Court has concerns regarding its subject matter jurisdiction. To that end, the Court sua sponte ORDERS Defendant Ocwen Loan Servicing, LLC to submit evidence concerning its constituent members' citizenships.

BACKGROUND

On April 23, 2009, Plaintiff commenced this action, alleging contractual claims against Defendants in connection with a mortgage agreement, and Defendants' foreclosure action on that mortgage. On October 29, 2010, Plaintiff moved to amend her Complaint to add Fair Credit Reporting Act claims and a punitive damages demand. The Court referred Plaintiff's motion to Judge Wall for a R&R. On December 9, 2010, Judge Wall issued his R&R, which recommended that Plaintiff's motion be denied in its entirety. On December 16, 2010, Plaintiff filed an Objection to the R&R. Plaintiff's Objection does not contest Judge Wall's recommendation that the proposed Fair Credit Reporting Act claims are futile, and thus not properly added. But Plaintiff contends that the proposed Amended Complaint sufficiently pleads a basis to seek punitive damages.

DISCUSSION

I.  The Motion to Amend

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotations omitted).

2

Here, no party objected to the portion of Judge Wall's R&R that recommended denying Plaintiff's motion to the extent that it sought to add Fair Credit Reporting Act claims. And the Court finds this portion of the R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it, and DENIES Plaintiff's motion to amend to that extent.

Plaintiff did, however, object to the portion of Judge Wall's R&R that recommended denying Plaintiff's motion to the extent that it sought to add a punitive damages demand. Specifically, Plaintiff argues that the proposed Amended Complaint properly seeks punitive damages because it asserts a fraud cause of action. The Court reviews this portion of Judge Wall's R&R de novo. See Brady v. Port Auth., 87-CV-2702, 1998 U.S. Dist. LEXIS 16548, at *2 (E.D.N.Y. 1998) (conducting de novo review of objected-to R&R that recommended striking punitive damages demand).

Conducting such a de novo review, the Court finds that Judge Wall's recommendation is well-founded and manifestly correct. As an initial matter, Plaintiff did not argue before Judge Wall that her proposed Amended Complaint asserted a fraud cause of action. Instead, Plaintiff requested "punitive damages in connection with Plaintiff's breach of contract and wrongful foreclosure causes of action." Docket No. 25 at ¶¶ 1. True,

3

although never using the words "fraud" or "fraudulent," Plaintiff did claim that the foreclosure was "part of a scheme . . . for defendants to take homes that have equity in them." Id. at ¶ 15. But, notwithstanding Plaintiff's conclusory "scheme" allegations, under New York law, wrongful foreclosure sounds in contract, not fraud. See Pearl-Wick Corp. v. Chase Manhattan Bank, N.A., 125 A.D.2d 249, 251, 509 N.Y.S.2d 537, 539 (1st Dep't 1986). So Plaintiff never argued the validity of a "fraud" claim before Judge Wall. And, because Plaintiff did not argue the existence of a fraud claim before Judge Wall, the Court declines to consider this argument now. See Chappero v. West, 04-CV-8018, 2009 U.S. Dist. LEXIS 60487, at *9 (S.D.N.Y. July 15, 2009).

But even if the Court were to consider Plaintiff's new "fraud" argument, it would still fail. In this regard, the Court notes that--contrary to Plaintiff's Objection, but in harmony with Plaintiff's briefing before Judge Wall--the proposed Amended Complaint does not even attempt to assert a fraud claim. Indeed, like Plaintiff's briefing before Judge Wall, the proposed Amended Complaint does not so much as mention the words "fraud" or "fraudulent" anywhere within its twelve paragraphs. And its three causes of action are pretty clearly demarcated as one breach of contract cause of action (Am. Compl. ¶¶ 25-28), and two Fair Credit Reporting Act claims (Am. Compl.

4

¶¶ 36-46). At most, the Court could construe Plaintiff's allegation as alleging a wrongful foreclosure claim. But such a claim alleges only "private wrongs," and thus does not support a punitive damages demand. Commercial Trading Co., Inc. v. Drexler, 75 A.D.2d 611, 611, 427 N.Y.S.2d 67, 68 (2d Dep't 1980).

Finally, even if the Court could somehow liberally construe Plaintiff's non-pro se proposed Amended Complaint as attempting to assert a fraud cause of action, this claim is woefully pleaded. Plaintiff indicates that her fraud claim sounds in "fraudulent inducement." Docket No. 31 at ¶¶ 9-10. But the proposed Amended Complaint does not allege a misrepresentation as to a "material existing fact." Petrello v. White, 344 Fed. Appx. 651, 652 (2d Cir. 2009) (setting forth the elements of a well-pled fraudulent inducement claim). Instead, at most, Plaintiff alleges a misrepresentation concerning a then-future event--namely, that Plaintiff could pay her real estate taxes directly to the municipal authority, instead of through the escrow process. (Am. Comp. ¶ 16.) Additionally, the proposed Amended Complaint does not allege that this alleged misrepresentation was "known to be false by the defendant[s]." Petrello, 344 Fed. Appx. at 652. It follows then that the purported "fraud" claim fails on the additional ground of

5

insufficient pleading. And, consequently, Plaintiff's demand for punitive damages is also futile.

Therefore, the Court also ADOPTS this portion of Judge Wall's R&R, and consequently DENIES Plaintiff's motion to amend the Complaint to add a demand for punitive damages.

## II. Subject Matter Jurisdiction

This motion practice has provided the Court with its first opportunity to examine Plaintiff's Complaint. In so doing, the Court has noticed that, although Plaintiff asserts diversity jurisdiction, she has named a limited liability company, Ocwen Loan Servicing, LLC, as a Defendant.

Plaintiff alleges that Ocwen Loan is diverse because she is a New York citizen, while Ocwen Loan is "organized and existing under the laws of a state other than the State of New York." (Compl. ¶ 5.) But, for diversity purposes, a limited liability company is a citizen of every state that its members are citizens of. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000); Infinity Consulting Group, LLC v. American Cybersystems, Inc., 09-CV-1744, 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010). And Plaintiff does not plead the citizenship of Ocwen Loan's constituent members. Nor do Defendants set forth Ocwen Loan's citizenship[s] in their Amended Answer.

Ocwen Loan clearly has knowledge of its members' citizenships. And the Court maintains "an independent obligation to determine whether subject-matter jurisdiction exists." See generally Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1193, __ L. Ed. 2d __ (2010). To that end, the Court ORDERS Defendant Ocwen Loan to, within twenty (20) days, provide: (1) a Declaration, based on personal knowledge, that sets forth the citizenships of its constituent members; (2) documentary evidence supporting this Declaration; and (3) a short letter setting forth its legal position concerning whether subject matter jurisdiction exists, in light of its constituent members' citizenships.

## CONCLUSION

Magistrate Judge Wall's R&R is ADOPTED in its entirety. Consequently, Plaintiff's motion to amend is DENIED. Defendant Ocwen Loan Servicing, LLC is ORDERED to provide evidence concerning its constituent members' citizenships in a manner consistent with this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 3, 2011
         Central Islip, New York

7